

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X



LEO BAKMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MICHAEL
WHITE and P.O.s "JOHN DOE" #1-5
(said names being fictitious, as the true names
are presently unknown), Individually and in
their Official Capacities.

Defendants.
------------------------------------------------------X

Plaintiff, Leo Bakman, by his attorney, Kim E. Richman, complaining of the

Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Leo Bakman ("Plaintiff") brings this action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts

of The City Of New York, P.O. MICHAEL WHITE, Shield# 26435, (hereinafter referred

to as "P.O. WHITE", and P.O.s "John Doe" #1-5 (said names being fictitious, as the true

names are presently unknown) ("Defendant(s)"), as officers of the New York City Police

Department, all acting under color of state law and pursuant to their authority, in

violation of Plaintiff's rights, as said rights are secured by said statutes and the

Constitutions of the state of New York and the United States.

1

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiff demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  At all times relevant hereto Plaintiff Leo Bakman was a resident of Queens, NY.

7.  At all times relevant hereto, Defendant the City of New York ("NYC") is a municipality of the state of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8.  At all times relevant to this action, Defendants P.O. WHITE, and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department ("NYPD") and acting under color of state law.

9.  At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and

2

usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.

## FACTS

11. On February 4, 2010 at approximately 9:10 P.M. at 4280 Park Avenue, County of the Bronx, State of New York, Plaintiff Leo Bakman was assaulted and falsely arrested by the NYPD, and later falsely prosecuted under docket number 2010BX008101.

12. On the evening of February 4, 2010, Plaintiff Leo Backman entered a social club located at 4280 Park Avenue, County of the Bronx, State of New York, (hereinafter referred to as "the Establishment"). It was the first and only time he had ever been there. Defendants P.O. WHITE and P.O.s "JOHN DOE" #1-5 of the 48th Precinct of the NYPD, burst into the Establishment, searched it and arrested everyone present therein without distinction. A total of eleven (11) people were arrested, including Plaintiff Leo Bakman.

13. The NYPD initially knocked at the door to gain access, and believing that the entrants were members of the law enforcement agent, a patron of the Establishment opened the door for the Defendants. Defendant P.O. WHITE, observed Plaintiff Leo Bakman standing near the front door. The Defendants entered the Establishment in riot gear with large assault weapons drawn and ordered everyone to the floor. All of the patrons complied with the order. The Defendants handcuffed everyone using standard handcuffs and plastic "zip-tie" cuffs.

14. Defendants demanded to see the Plaintiff's ID. Plaintiff handed over his New York State ID. It was never returned to him.

15. Despite the fact that Plaintiff Leo Bakman readily complied with the order to lay face down on the floor, was already handcuffed and at no time resisted the NYPD, Defendant P.O. JOHN DOE #1, placed his foot and his weight upon the Plaintiffs neck several times, and grabbed his hair. The Defendant's actions were excessive, unnecessary, unwarranted, unprovoked, and degrading.

16. According to the criminal complaint, Defendant P.O. WHITE alleged found numerous empty bags with residue of illicit contents on the floor in the back room, inside a crater in a wall, and beneath the sink in the bathroom.

17. Defendants searched the Plaintiff on the scene, and did not find any contraband on him. As Defendant P.O. WHITE observed, the Plaintiff was by the front door, far from the alleged empty bags with residue, which were plainly not in his possession or control. The Defendants did not have an arrest warrant for the Plaintiff or any probable cause.

18. Despite the absence of any proper grounds for seizing the Plaintiff, Defendants arrested Plaintiff Leo Bakman and held him at the precinct for 7 hours. At the precinct, Defendants thoroughly searched the Plaintiff a second time. Despite failing to find any contraband on his person, Defendants took the Plaintiff to Central Booking and held him there for three (3) days in a crowded, unsanitary cell that contained only benches and no beds. Plaintiff Leo Bakman did not sleep during his confinement.

19. For the first day of the confinement, the Plaintiff had no sensation in his hands, which were numb as a result of the excessively tightened plastic cuffs.

20. Plaintiff was not permitted to call his family. Plaintiff's wife, with whom he resides, had no idea of Plaintiff's whereabouts and his sudden disappearance was a source of great distress to her. Plaintiff Leo Bakman's father, now deceased, was elderly, terminally ill, and had lost the ability to walk. The Plaintiff was his father's primary and only caretaker and brought him food every day. The Plaintiff's sudden disappearance was a source of great distress for the Plaintiff's father, who fully relied on him for his basic necessities.

21. At the Precinct, the Defendants filled out false police reports and provided false and misleading information to the prosecution which implicated Plaintiff in the commission of a crime. Plaintiff was charged with the following violations: Warehouse Permit (A.B.C. §96(1)(a)); Possession of a Gambling Device (P.L. §225.30(1)), License to Sell Liquor (A.B.C. §64-b(1)), Unlawful Possession of a Radio Device (P.L. §140.40), Unlawful Possession of Marijuana (P.L. §221.05), Criminal Possession of Marijuana in the Fifth Degree (P.L. §221.10(1)), Criminally Using Drug Paraphernalia in the Second Degree (P.L. §220.50(2)), and Criminal Possession of a Controlled Substance in the Seventh Degree.

22. All eight (8) charges against the Plaintiff were dismissed by the Bronx Supreme Court, Criminal Division and the case was sealed.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

5

25. All of the aforementioned acts deprived Plaintiff Leo Bakman, of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/his respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

33. As a result of Defendants' aforementioned conduct, Plaintiff Leo Bakman, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear of his safety and subjected to handcuffing, and other physical restraints, without probable cause, and suffered degrading treatment at the arrest and in detention. Plaintiff's family endured a great deal of stress due to Leo's prolonged and unknown disappearance.

35. As a result of their false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

37. Defendants issued legal process to place Plaintiff under arrest.

38. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

39. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### FIFTH CLAIM FOR RELIEF:
### ASSAULT

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

1.  By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

2.  As a consequence thereof Plaintiff, Leo Bakman, has been injured.

### SIXTH CLAIM FOR RELIEF:
### BATTERY

41. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

3.  By the actions described above, Defendants intentionally caused and allowed Plaintiff to be handcuffed in a harmful and offensive manner.

42. As a consequence thereof Plaintiff, Leo Bakman, has been injured.

### SEVENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

44. P.O. Christophis Vega (Shield #30311) and P.O.s "John Doe" #1-5 (said names being fictitious, as the true names are presently unknown) arrested Plaintiff Leo Bakman, despite a complete lack of cause against her, notwithstanding their knowledge that said

violations would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

47. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

48. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Leo Bakman.

49. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff Leo Bakman, as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff Leo Bakman , as alleged herein.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Leo Bakman.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

53. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the state of New York.

54. All of the foregoing acts by Defendants deprived Plaintiff Leo Bakman, of federally protected rights, including, but not limited to, the right:

      a.  Not to be deprived of liberty without due process of law;

      b.  To be free from seizure and arrest not based upon probable cause;

      c.  To be free from unlawful imprisonment;

      d.  To be free from unwarranted and malicious criminal prosecution;

      e.  Not to have cruel and unusual punishment imposed upon him; and

      f.  To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of one million dollars ($1,000,000.00);

2. Punitive damages in the amount of one million dollars ($1,000,000.00);

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
          June 20, 2012

Respectfully submitted,

Kim E. Richman
*Attorney for Plaintiff*
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
(212) 687-8291